```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SUHAIL SARWER,

                    Petitioner,          MEMORANDUM & ORDER
                                         05-CV-3903 (JS)
         -against-

UNITED STATES OF AMERICA,

                    Respondent.
----------------------------------------X
APPEARANCES:
For Petitioner:     Suhail Sarwer, pro se
                    RG #30344-039
                    Metropolitan Detention Center
                    PO Box 329002
                    Brooklyn, NY 11232

For Respondent:     James Miskiewicz, Esq.
                    United States Attorneys Office
                    Eastern District of New York
                    610 Federal Plaza
                    Central Islip, NY 11722
```

SEYBERT, District Judge:

On August 5, 2005, pro se Petitioner Suhail Sarwer ("Petitioner") filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Petitioner maintains that his plea of guilty was involuntary and that he lacked the requisite intent for his crime. For the reasons stated below, Petitioner's application is DENIED in its entirety.

BACKGROUND

On March 7, 2003, Petitioner pled guilty to a single count of a violation of 18 U.S.C. § 1029(a)(2), (b)(2) and (c)(1)(A)(i), charging that Petitioner conspired with others to use one or more unauthorized access devices, to wit: credit cards,

during a one year period, obtaining things of value in excess of $1,000. Under the Plea Agreement with Respondent, Petitioner agreed that he would "not file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes the statutory maximum sentence of a term of imprisonment of 60 months, or below."

On March 7, 2003, this Court repeatedly asked Petitioner whether he understood the Court and whether he understood that he was under oath.[1] Petitioner answered affirmatively. Thereafter, the Court thoroughly questioned Petitioner to ensure that his plea of guilty complied with the requirements of Federal Rule of Criminal Procedure 11. Petitioner stated that he willingly waived his right to have the charges contained in the second superseding information presented to a grand jury and his right to have a jury

---

[1] The following transpired during the conference:
The Court: You indicated you did not want an interpreter?
Petitioner: No, I don't.
The Court:: You understand everything and there is no issue with regard to that?
Petitioner: Yes.
The Court:: Mr. Jenks, you had an opportunity to speak to this defendant on a number of occasions, and is it also your conclusion?
Jenks: Many times. He understands English and went to college here.
The Court:: I don't want a lapse of memory down the road that they didn't fully understand something.
Mr. Sarwar, are you satisfied with the attorney -- services of your attorney, Mr. Jenks?
Petitioner: Yes, I do.
(Tr. March 7, 2003 p. 4-5.)

trial.[2] Petitioner indicated that he reviewed the Superseding Indictment and the Waiver of Indictment form, understood that he was pleading guilty to a credit card fraud in violation of Section 1029(A)(2), and understood the maximum fines, the special assessment fee, and the potential sentencing-guideline range. Additionally, Petitioner stated that he understood that the Government's estimate of Petitioner's offense level was not binding on the Court, and that the Court had the ability to find that Petitioner's offense level was higher and thus sentence Petitioner to more than sixty months of imprisonment. Finally, Petitioner stated that he understood he could not file an appeal if the Court

---

[2] Specifically, the Court asked,
The Court: And have you reviewed the superseding information that was filed with regard to those charges on credit card fraud?
Petitioner: Yes.
The Court: And you are, and it is signed in open court today, after being advised of your rights to this waiver of indictment, correct?
Petitioner: Yes.
*********************************
The Court: At the trial you would have 12individuals who would be required to make a determination as to whether or not the government has proved your guilt beyond a reasonable doubt. Do you understand that?
Petitioner: Yes, I do.
The Court: Do you also understand that by pleading guilty you give up that right to go to trial, your presumption of innocence and all the other rights you have, and you subject yourself with regard to this particular charge to a term of five years in jail, supervised release term of three years, and you can actually get more than five years in jail if you violate the terms of your supervised release and are sent back to jail, you understand at that time?
Petitioner: Yes.
(Tr. March 7, 2003 p. 6-8.)

sentenced Petitioner to sixty months of imprisonment or less.

After engaging in this thorough inquiry, Petitioner stated, "Your Honor, simply what I did was, I took money, cash money on my personal credit from the company called . . . I Omega Technical Corporation. . . . I have had no right to get these funds. These are like -- knowingly I took the cash from the company because I had some financial problems I was coping with. So I used my personal credit to get cash from the company which is defrauding." (Tr. March 7, 2003 p. 20-21.) When asked whether Petitioner intended to defraud the companies and obtain property which Petitioner had no right to, Petitioner responded, "Yes." Id. at 22. Petitioner further affirmed that he agreed with the other named Defendants to engage in this unlawful conduct together.

On October 28, 2004, this Court sentenced Petitioner to 55 months of imprisonment. Petitioner did not appeal.

## DISCUSSION

"In general, a claim may not be presented in a habeas petition where the petitioner failed to properly raise the claim on direct review." Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007). Although this rule does not apply where a petitioner claims ineffective assistance of counsel, it is applicable where a petitioner claims that his plea of guilty was involuntary. See id. Here, Petitioner failed to appeal his sentence, and thus his claim that his plea of guilty was involuntary is procedurally infirm.

4

It is well settled that a party who fails to take a direct appeal "and subsequently endeavors to litigate the issue via a § 2255 petition must 'show that there was cause for failing to raise the issue, and prejudice resulting therefrom.'" United States v. Pipitone, 67 F.3d 34, 38 (2d Cir. 1995) (quoting Douglas v. United States, 13 F.3d 43, 46 (2d Cir. 1993)). Cause is defined as "something external to the petitioner, something that cannot be fairly attributed to him." Id. (internal citations omitted). Although Petitioner waived his rights to file an appeal, "[s]uch a waiver cannot constitute cause excusing a petitioner's failure to raise a claim on direct appeal." LoCurto v. United States, No. 05-CV-1327, 2006 U.S. Dist. LEXIS 13371, at *37 (E.D.N.Y. Mar. 10, 2006) (citing Garcia-Santos v. United States, 273 F.3d 506, 508 (2d Cir. 2001)).

Petitioner has not presented any basis for his failure to file an appeal. Thus, the Court is precluded from considering the merits of Petitioner's claims. See United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998) ("A motion under § 2255 is not a substitute for an appeal."); Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998); McFarlane v. United States, No. 07-CV-0169, 2008 U.S. Dist. LEXIS 11190, at *5 (E.D.N.Y. Feb. 14, 2008) ("A petitioner cannot assert claims, constitutional or otherwise, that he failed to raise at trial, sentencing or on direct appeal "unless he can establish both cause for the procedural default and

actual prejudice resulting therefrom or that he is 'actually innocent' of the crime of which he was convicted.") (<u>quoting</u> <u>DeJesus v. United States</u>, 161 F.3d 99, 102 (2d Cir. 1998)).

Even if Petitioner presented cause for failing to appeal, Petitioner would not be able to show actual prejudice because Petitioner has failed to show that he was deprived of a constitutional right. The Court fully informed Petitioner of his rights and the rights he waived by pleading guilty. Petitioner knowingly and voluntarily pled guilty, and waived his right to appeal a sentence of sixty months of imprisonment or below. The Court sentenced Petitioner to less than sixty months of imprisonment, and thus Petitioner is barred from challenging his sentence. <u>See</u> <u>United States v. Rosa</u>, 123 F.3d 94, 97 (2d Cir. 1997) ("In general, a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed guideline range is enforceable."); <u>see</u> <u>also</u> <u>Mendivelso v. United States</u>, 507 F. Supp. 2d 331, 336 (S.D.N.Y. 2007) (holding that petitioner waived his right to challenge his sentence under 2255).

## CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is DENIED.

Pursuant to Fed. R. App. Pro. 22(b) and 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied, as Petitioner has not made a substantial showing of a denial of a constitutional

right.  <u>Miller-El v. Cockrell</u>, 537 U.S. 332, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); <u>Luciadore v. New York State Div. of Parole</u>, 209 F.3d 107, 112 (2d Cir. 2000).

The Clerk of the Court is directed to mark this matter closed.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         June 1, 2009